UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10223-RGS

MAURICE SINKFIELD

v.

UNITED STATES OF AMERICA and FEDERAL BUREAU OF PRISONS

MEMORANDUM AND ORDER

March 16, 2018

STEARNS, D.J.

For the reasons stated below, the court dismisses this action without prejudice.

Maurice Sinkfield, who is incarcerated at the Lake Erie Correctional Institution in Conneaut, Ohio, brings this action in which he alleges he was subjected to unconstitutional conditions of confinement while confined at FMC Devens in 2016.  He names the United States and the Federal Bureau of Prisons as defendants.

The court must dismiss this action without prejudice for lack of jurisdiction.  The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  *See FDIC v.*

*Meyer*, 510 U.S. 471, 475 (1994). Absent a waiver of sovereign immunity, a court lacks jurisdiction over an action against the United States. *See id.* Such waiver must be expressly and unequivocally found in the statutory text and cannot be implied. *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

Here, the court cannot discern a claim for which the United States has waived its sovereign immunity. Sinkfield asserts that 46 U.S.C. § 30903 contains an applicable waiver of sovereign immunity. This statute provides for "a civil action *in admiralty* in personam . . . against the United States." 46 U.S.C. § 30903(a) (emphasis added). Sinkfield's action is not "in admiralty." Admiralty jurisdiction only applies to claims for wrongs that "occurred on the high seas or navigable waters." *East River S.S. Corp. v. Transamerica Delavel, Inc.*, 476 U.S. 858, 864 (1986). Further, a *Bivens* claim cannot be brought against the United States, *see McCloskey v. Mueller*, 446 F.3d 262, 272 (2006), and Sinkfield does not suggest that he has satisfied the administrative remedy exhaustion prerequisite for filing an action against the United States under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a); *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006).

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The motion for leave to proceed *in forma pauperis* shall be terminated as moot.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE